UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESTINEE HARRISON et al., | Case No. 2:23-cv-04867-SB-RAO |
| Plaintiffs, | |
| v. | ORDER DENYING MOTION TO REMAND |
| SONESTA INTERNATIONAL HOTELS CORPORATION et al., | |
| Defendants. | |

Plaintiffs Destinee Harrison and Frank Roldan, Sr. brought this tort action in the Los Angeles Superior Court after their infant son ingested amphetamine in a hotel room owned and operated by Defendant Sonesta International Hotels Corporation (Sonesta). Sonesta removed the case to federal court invoking diversity jurisdiction despite the fact that Defendant Zachari Mateev is a California citizen (i.e., a citizen of the forum state). According to Sonesta, the forum-defendant rule does not defeat jurisdiction under 28 U.S.C. § 1441(b)(2) because the forum defendant in this case had not been "properly joined and served" at the time of removal. Plaintiffs now move to remand the case to state court, arguing that so-called "snap removal" constitutes a form of "gamesmanship" that should be rejected because it produces "absurd" results that are contrary to Congress's intent in enacting § 1441(b)(2). Dkt. No. 17. Because the absurdity doctrine cannot be used to modify the undisputedly plain language of statutory text to fix a perceived flaw, Plaintiffs' motion is denied.

I.

Plaintiffs filed this case in California state court on April 19, 2023. Dkt. No. 1. Plaintiffs brought claims for negligence; premises liability; negligent hiring, retention, and supervision; negligent infliction of emotional distress; intentional

1

infliction of emotional distress; negligent misrepresentation; intentional misrepresentation; and concealment. *Id*. The claims all arose from a tragic incident while Plaintiffs' family was staying in a hotel room owned and operated by Sonesta—namely, Plaintiffs' infant son ingested amphetamine that had been left in the room. The room allegedly had been the site of a methamphetamine overdose a month earlier. Mateev was the general manager of the Sonesta hotel.

Sonesta, a non-California citizen, was served on May 18. *Id*. at 2. Mateev, a California citizen, was not properly served.[1] Defendant Sonesta removed the case on June 20. On June 27, Defendants filed a motion to dismiss in which Mateev joined. Dkt. No. 8.

Plaintiffs voluntarily dismissed their infant son's claims so that they could be refiled in state court and then filed a First Amended Complaint (FAC). Dkt. Nos. 14, 15. They then filed this motion to remand. Dkt. No. 17. Defendants oppose. Dkt. No. 26.

II.

A defendant may remove a civil action from state to federal court when jurisdiction would originally lie in federal court. 28 U.S.C. § 1441(a). If removal is based on diversity jurisdiction, the removing defendant must show complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id*. § 1332. The removing party bears the burden of proof. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "near-canonical rule that the burden on removal rests with the removing defendant"). There is a "strong presumption" against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

---

[1] Because Sonesta was properly served at the time of removal, this case does not raise the question whether snap removal is permitted when no defendant has been served. *See Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 316 (D. Mass. 2013) ("conclud[ing] that the plain language of section 1441(b) requires at least one defendant to have been served before removal can be effected").

2

If removal is based solely on diversity jurisdiction, the case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  This provision is known as the forum-defendant rule, and it is a waivable procedural—rather than a nonwaivable jurisdictional—rule.  *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 935–36 (9th Cir. 2006) ("We join eight of the nine circuits that have decided this issue and hold that the forum defendant rule is procedural, and therefore a violation of this rule is a waivable defect in the removal process that cannot form the basis for a district court's sua sponte remand order.").

### III.

Plaintiffs do not dispute the existence of diversity jurisdiction or the fact that Mateev, a California citizen, was not properly served.  The sole issue presented is whether Sonesta's removal of this case from state to federal court before effective service on Mateev was accomplished violates the forum-defendant rule.

The starting point for this analysis is the statutory language.  *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999).  "[W]here the statutory language provides a clear answer, it ends there as well."  *Id*.  The plain meaning of the statute is controlling "unless it is ambiguous or leads to an absurd result."  *Matter of Evans*, 69 F.4th 1101, 1105 (9th Cir. 2023).

The plain language of the forum-defendant rule does not appear to prohibit snap removal.  The rule prohibits removal if "any of the parties in interest properly joined and served" is a citizen of the forum state.  28 U.S.C. § 1441(b)(2).  "By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action."  *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019); *see also Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) ("conclud[ing] that the language of the forum defendant rule in section 1441(b)(2) is unambiguous"); *Dechow v. Gilead Sciences, Inc.*, 358 F. Supp. 3d 1051, 1054 (C.D. Cal. 2019) (same); *Hong Kong Continental Trade Co. v. Natural Balance Pet Foods, Inc.*, Case No. 22-cv-00571-JAK, 2023 WL 2664246, at *4 (C.D. Cal. Mar. 28, 2023) (same).

Plaintiffs do not dispute that the plain text of § 1441(b)(2) authorizes removal when diversity jurisdiction exists and the forum defendant has not been "properly joined and served."  Rather, they argue that the Court should decline to

apply the unambiguous language of the statute because snap removal, if allowed, would produce an absurd result seemingly at odds with Congress's intent to limit diversity jurisdiction when a home-state defendant faces no risk of prejudice in his home-state court. The absurdity doctrine, however, does not reach that far:

> As the Supreme Court has reminded us, this canon is to be employed sparingly. The absurdity doctrine will override the literal terms of a statute only under rare and exceptional circumstances. To justify a departure from the letter of the law upon that ground, the absurdity must be so gross as to shock the general moral or common sense. Otherwise, we might be rewriting the statute rather than correcting a technical mistake.

United States v. Lucero, 989 F.3d 1088, 1098 (9th Cir. 2021) (cleaned up); *see also* (cleaned up); United States v. Paulson, 68 F.4th 528, 542 (9th Cir. 2023) (noting that the "long-standing Supreme Court and Ninth Circuit case law that strictly limits the circumstances in which the absurdity canon may apply").

The Supreme Court's admonition is worth heeding here. All that can be said in the case of snap removal is that Congress may have written the statute differently had it considered the possibility that a served defendant would rush to file removal papers before a nonserved home-state defendant was properly served. But it is not a court's job to identify and close potential statutory loopholes—if indeed it correctly believes it has discovered one. That is a legislative, not a judicial, function. The absurdity doctrine is an exceptionally narrow one because it runs the risk of blurring the important line that separates those two structurally distinct functions.

In this Court's view, the application of the absurdity doctrine to snap removal crosses the line. From a policy standpoint, this Court is inclined to agree with those courts that have condemned the "rush to remove" gambit. *See, e.g.,* Marsh v. Monster Beverage Corp., Case No. 15-cv-2205-GHK, 2016 WL 11508266, at *2–5 (C.D. Cal. Jan. 4, 2016). Diversity jurisdiction is an outgrowth of an earlier period in this country's history when state courts were not trusted to treat out-of-state defendants fairly. *Lively*, 456 F.3d at 940 ("Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court."). The forum-defendant rule prohibits removal when the concern about such prejudice is absent because the defendant is defending himself in his home state. *Id*. Snap removal arguably undermines the purpose of the rule—or at least Congress reasonably could reach this conclusion. But even if

Congress would reach this conclusion, this does not mean that § 1441(b)(2) must be read to prohibit a practice that the statutory language plainly permits.  The absurdity doctrine is not an interpretive canon that authorizes judicial correction of potential legislative flaws.  See *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 461–62 (2002) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.  When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete.").  And it is not altogether clear that § 1441(b)(2) is flawed in textually allowing for snap removal.  As one court has observed, "Congress may well have adopted the 'properly joined and served' requirement in an attempt to both limit gamesmanship [by a plaintiff who engages in fraudulent joinder] and provide a bright-line rule keyed on service, which is clearly more easily administered than a fact-specific inquiry into a plaintiff's intent or opportunity to actually serve a home-state defendant." *Gibbons*, 919 F.3d at 706; see also *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020) (concurring in the view that "a reasonable person could intend the results of the plain language" of § 1441(b)(2)).

In short, the parties do not dispute that § 1441(b)(2) is unambiguous and that its plain text allows for snap removal.  Under basic tenets of statutory interpretation, the language of the law controls in these circumstances.  There is no work to be done here by the absurdity doctrine.  There is no occasion to inquire into the subjective intent of the removing party.[2]  The removal was proper.

---

[2] After removal, Defendants filed a motion to dismiss in which Mateev joined without challenging the propriety of service.  Plaintiffs contend that Mateev's failure to raise this challenge in that motion constitutes a waiver under Fed. R. Civ. P. 12(h)(1) and is further evidence of "gamesmanship."  Neither point is legally significant:  any waiver is immaterial because it occurred after removal, *see Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929) (noting that removal itself does not waive any objection to jurisdiction for lack of service); and the "gamesmanship" charge incorrectly presupposes that the forum-defendant rule depends on the motives of the removing party in deciding if and when to remove, *see* discussion *supra*.

## III.

Plaintiffs' remand motion is DENIED.

Date: August 18, 2023

                                            Stanley Blumenfeld, Jr.
                                            United States District Judge